IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-11-264 |
| | § | |
| EDDYE L. LOVELY | § | (Civil Action No. H-13-2320) |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on Defendant Eddye L. Lovely's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 131]. Lovely asserts that he was denied effective assistance of counsel in connection with his plea of guilty and his sentencing. The United States filed a timely Response [Doc. # 140]. The Court carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the criminal proceedings in this case, and the application of governing legal authorities, the Court **denies** Lovely's § 2255 Motion, and **dismisses** the corresponding civil action (No. H-13-2320) for reasons set forth below.

## I.    BACKGROUND

Lovely was charged by Superseding Indictment [Doc. # 65] with sixteen counts of aiding and assisting in the preparation of false tax returns. On December 12, 2011, Lovely entered a plea of guilty, pursuant to a written Plea Agreement [Doc. # 98], to

Counts One, Fifteen, and Sixteen of the Superseding Indictment.  At the sentencing hearing on July 24, 2012, the Court determined that Lovely's Total Offense Level was 24 and his Criminal History Category was II, resulting in an advisory sentencing guideline range between 57 and 71 months.  The Court sentenced Lovely to a term of imprisonment of 57 months, followed by one year of supervised release, and ordered Lovely to make restitution to the Internal Revenue Service ("IRS") in the amount of $69,730.00.  *See* Judgment in a Criminal Case [Doc. # 123].

Lovely filed his § 2255 Motion on August 8, 2013.  Lovely asserts that his attorney rendered ineffective assistance when he failed to "subject the government's loss assertion to adversarial testing."  *See* § 2255 Motion, p. 5.  Lovely asserts also that he received ineffective assistance of counsel when his attorney advised him to plead guilty and sign the Plea Agreement.  *See id.* at 9.  The § 2255 Motion has been fully briefed and is ripe for decision.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard for § 2255 Relief

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).  "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and

finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

"As a result, review of convictions under [§] 2255 ordinarily is limited to questions

of constitutional or jurisdictional magnitude, which may not be raised for the first time

on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at

166.  Of course, this procedural bar does not apply to claims that could not have been

raised on direct appeal, such as those for ineffective assistance of counsel, "since no

opportunity existed [before the district court] to develop the record on the merits of

the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *see*

*also Massaro v. United States*, 538 U.S. 500 (2003).

### B.    Standard for Ineffective Assistance of Counsel

Lovely asserts that he is entitled to relief from his conviction and sentence

because he was denied effective assistance of counsel in connection with his guilty

plea and his sentencing.  The Sixth Amendment to the United States Constitution

guarantees criminal defendants the right to have the assistance of counsel at trial.  *See*

U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  The right to

counsel guaranteed by the Sixth Amendment includes "the right to the *effective*

assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)

(emphasis added).  Claims for ineffective assistance of counsel are analyzed under the

following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

The first prong of the governing standard is only satisfied where the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. To establish ineffective

assistance of counsel, defense counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Webster,* 392 F.3d 787, 793 (5th Cir. 2004) (quoting *Strickland,* 466 U.S. at 689).

To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Wiggins*, 539 U.S. at 524; *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Therefore, the prejudice analysis focuses on whether the alleged errors by counsel, separately or cumulatively, undermine "confidence in the process afforded the criminally accused." *Virgil v. Dretke*, 446 F.3d 598, 612 (5th Cir. 2006).

## III.   ANALYSIS OF SENTENCING CLAIM

Lovely asserts that he received constitutionally ineffective assistance of counsel because his attorney failed to "subject the government's loss assertions to adversarial testing." *See* Memorandum of Law [Doc. # 132], p. 5. The record refutes this allegation.

The United States proposed that Lovely be held accountable for a tax loss of $1,622,917.00, including $54,014.00 relating to Lovely's personal tax returns.

Lovely's attorney, Brenton M. Stanfield, filed written objections.  *See* Letter to U.S. Probation dated May 23, 2012 [Doc. # 122].  At sentencing, defense counsel argued against the Government's proposed tax loss.  *See* Sentencing Transcript [Doc. # 138]. The Court, having considered the arguments and evidence presented, found that the indicted tax loss was $142,515.00, that the relevant conduct based on investigative interviews was $70,000.00, and the relevant conduct based on audit files was $741,000.00.  *See id.* at 103-04.  The Court noted specifically that "the audit files probably would show more than 741,000.   But ***in deference to the defense arguments***, I'm cutting that by a third . . .."  *See id.* at 104 (emphasis added).

Lovely has failed to show that his attorney's performance was deficient. Indeed, the Court accepted defense counsel's arguments and reduced the amount of loss for purposes of calculating Lovely's sentencing guideline range.  The Court stated specifically that Stanfield "did exemplary work" and that "the leniency that I have shown in the rulings [at sentencing] are attributable specifically to Mr. Stanfield's outstanding performance."  *See id.* at 161.

The Court notes for purposes of a complete record that any alleged deficiency did not prejudice Lovely.  The Court determined that a term of imprisonment for 57 months was the appropriate sentence and would not have given a lower sentence even if different arguments had been presented.  Consequently, Lovely is not entitled to

relief pursuant to § 2255 based on his claim that he received ineffective assistance of counsel in connection with his sentencing.

## IV.   ANALYSIS OF PLEA AGREEMENT CLAIM

Lovely argues that his attorney rendered constitutionally ineffective assistance by advising him to plead guilty and execute the Plea Agreement.  Lovely asserts that his attorney failed to conduct an adequate investigation and provided incorrect information regarding the maximum possible sentence.  Lovely's claim is refuted by the record.

The United States submitted the affidavit of Lovely's attorney.  *See* Affidavit of Brenton M. Stanfield [Doc. # 140-3].  The Affidavit, to which no objection or other challenge has been filed, establishes that Stanfield provided competent assistance in connection with the plea negotiations, and that Lovely did not suffer any prejudice from any alleged deficiencies.

### A.   Investigation

Stanfield states under oath in his Affidavit that he read all the memoranda of interviews of Lovely's sixteen clients whose tax returns were the subject of the Superseding Indictment.  Those clients stated that Lovely included false information on their tax returns without their knowledge or consent.  *See id.* at 2.  Additionally, Stanfield was aware that the United States had an unfavorable audio recording of a

conversation involving an undercover law enforcement officer. *See id.* Stanfield's assistant reviewed all the IRS audit files relating to the sixteen clients, and Stanfield retained an expert to help prepare a defense. *See id.* The record establishes that Stanfield's investigation prior to Lovely's guilty plea was not deficient.

At the rearraignment hearing, the Prosecutor provided the factual basis for the three counts to which Lovely intended to plead guilty. The Prosecutor was prepared to prove that Lovely prepared tax returns for Doris Gross, Elisha Parks, and Jason Medford. As to each of the returns, the Prosecutor was prepared to prove that Lovely willfully included items that were materially false, including deductions for charitable contributions, for job search expenses, and for losses from a business. The Prosecutor stated she was prepared to prove that Lovely placed these items on the tax returns knowing they were false. Lovely advised the Court under oath that the proffered facts were true. *See* Rearraignment Transcript [Doc. # 137], p. 19-20. Lovely admitted that he knew that the deductions he was including on the tax returns were false and that he intended to include the false information. *See id.* at 21-22. Lovely advised the Court under oath that he was pleading guilty freely, voluntarily, and because he was in fact guilty of the crimes charged in Counts One, Fifteen and Sixteen of the Superseding Indictment. *See id.* at 44-45. The Court found that the plea was supported by independent facts establishing all the elements of the offenses, that Lovely intended

to perform the acts he committed, that his plea of guilty was voluntarily, freely and knowingly made, and that it was an informed plea.  *See id.* at 46.

"Solemn declarations in open court carry a strong presumption of verity" and "representations of the defendant . . ., as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  In this case, Lovely has failed to present "any independent indicia showing the likely merit of his claim and refuting his declarations in open court."  *U.S. v. White*, 141 F.3d 1163 (5th Cir. 1998); *see also U.S. v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  As a result, he has failed to demonstrate that he is entitled to relief pursuant to § 2255 based on the allegation that his attorney's investigation was constitutionally deficient and prejudicial.

**B.    Maximum Sentence**

Lovely alleges that Stanfield incorrectly told him he could face a forty-eight (48) year sentence, which caused his to plead guilty.  This allegation is refuted by Stanfield's Affidavit.  *See id.* at 3.  Moreover, even if Stanfield told Lovely that he was facing a 48-year sentence, the information was accurate in that the maximum sentence for each of the sixteen counts was three (3) years for a total maximum

sentence of 48 years.  Lovely has failed to demonstrate that Stanfield's performance was deficient.

Moreover, prior to Lovely's guilty plea the Court clearly advised him that the maximum sentence he faced was 3 years for each count.  *See* Rearraignment Transcript, pp. 33-34.  The Court carefully explained the Sentencing Guidelines, the sentencing procedure, and the full range of punishment that could be imposed.  *See id.* at 25-39.  Defendant asked questions, and the Court answered those questions. When asked if he still wanted to enter a plea of guilty, Lovely answered, "Yes, Your Honor.  I do."  *See id.* at 42.  As a result, Lovely has failed to demonstrate that he was prejudiced by any statement by Stanfield that the maximum possible sentence was 48 years.  Lovely's request for relief under § 2255 is denied.

## V.   CERTIFICATE OF APPEALABILITY

Any review of this Court's decision on Lovely's post-judgment motion for relief from his conviction and sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c). Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of Lovely's constitutional claims debatable or wrong.  Because the defendant does not otherwise

allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## VI.    CONCLUSION AND ORDER

Lovely has failed to establish that he received ineffective assistance of counsel in connection with his guilty plea or his sentencing.  As a result, he is not entitled to relief under 28 U.S.C. § 2255, and it is hereby

**ORDERED** that the Lovely's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 131] is **DENIED**, and the corresponding civil action (H-13-2320) is **DISMISSED** with prejudice.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 21st day of **November, 2013**.

_____

Nancy F. Atlas

United States District Judge